**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN A. SCHNECK,

      Plaintiff - Appellant,

  v.

DAVID E. YAMAMOTO, Chief
Executive Officer Sutter North Medical
Foundation,

      Defendant - Appellee.

No. 11-15893

D.C. No. 2:10-cv-03329-MCE-
DAD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted August 8, 2012[**]

Before:    ALARCÓN, BERZON, and IKUTA, Circuit Judges.

    John A. Schneck appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action arising from his termination as a patient by

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sutter North Medical Foundation.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo, *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806,

811-12 (9th Cir. 2010), and we affirm.

The district court properly dismissed Schneck's § 1983 action because

Schneck failed to allege facts sufficient to show that defendant was acting under

color of state law.  *See id.* at 812, 815 (state action is a required element of a

§ 1983 claim, and mere fact that a private entity performs a function that serves the

public does not make its acts state action); *Ascherman v. Presbyterian Hosp. of

Pac. Med. Ctr., Inc.*, 507 F.2d 1103, 1104-05 (9th Cir. 1974) (private hospital's

receipt of public funds and tax exempt status as a charitable organization

insufficient to establish state action).

Schneck's contentions regarding judicial bias are unpersuasive.  *See Taylor

v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (per curiam)

(adverse rulings alone are insufficient to demonstrate judicial bias).

**AFFIRMED.**